**David Ronald DAYTON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16389.**

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Vincent Dale of Dale, Belanger & Wright, Guymon, for plaintiff in error.

Larry Derryberry, Atty. Gen., Robert Mitchell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

David Ronald Dayton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Texas County, Oklahoma of the offense of Burglary in the Second Degree, his punishment was fixed at two (2) years imprisonment and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that sometime between 6:00 P.M. on June 28, 1969, and 8:00 A.M. the following morning a pharmacy in Texhoma was burglarized. Deputy Quinby testified

that he observed a black and white Pontiac, Texas License #D-D-R 779 about 2:00 A.M. on June 29th in the business district of Texhoma. He could not identify the defendant as one of the three people in the car.

Sheriff Shook of Beaver County testified that he arrested the defendant and two other persons in the above described automobile on June 29th. The car was owned by Charles Howell. Two iron tools were found in the automobile and were introduced into evidence.

Sheriff Toombs testified that on November 17, 1969, he had conversation with the defendant in the county jail. The defendant stated that he, Howell and another person broke into the pharmacy and offered to go to Beaver County and attempt to recover the drugs.

The defendant asserts three propositions of error, only two of which are necessary to discuss in this opinion. The propositions contend that the admissions were improperly admitted in that they were made to the sheriff while the defendant was in custody without the presence of his counsel even though the sheriff had knowledge that counsel had been appointed for the defendant and that the defendant was not advised of his rights against self incrimination.

The trial court properly excused the jury and conducted a Jackson v. Denno hearing prior to admitting the sheriff's testimony. The sheriff testified that the defendant intiated the conversation about the burglary. He did not advise the defendant of his constitutional rights. He did hear someone advise the defendant of his constitutional rights in June but didn't remember who had so advised. The sheriff testified that he was under the impression that the defendant was going to be a state's witness at the time of the conversation. The defendant testified that he agreed to cooperate after he was promised immunity by the sheriff and told that anything he said would not be used against him. Both the district attorney and the defense counsel

testified about discussions concerning the defendant testifying for the State. The record is not clear as to who originated the discussion with the defendant concerning his becoming a state's witness or when the discussion did in fact occur.

The defendant cites Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), to support his contention that the sheriff should not have conversed with the defendant without his counsel present. This is a question of first impression in this Court and after due consideration are of the opinion, as are the majority of the Courts of this country, that the rules of *Massiah, supra,* should be restrictively applied. In United States v. De Loy, 421 F.2d 900 (5th Cir. 1970), it was stated:

> "Other circuits, however, have taken a more restrictive view of Massiah, allowing the admission of post-indictment statements voluntarily and deliberately made by a properly warned defendant who was not tricked into speaking by some deliberate act of the investigating officers. * * *"

In the instant case, applying the restrictive view of *Massiah* we can arrive at no other conclusion than that the admission should be suppressed. It is apparent from the record that promises of immunity had been promised the defendant prior to the admission. The sheriff testified that he was under the impression that the defendant was going to be a witness for the State prior to the statement. There can be no logical reason for the defendant to agree to cooperate at that stage except that he was promised immunity. The record further reflects that the defendant was not properly advised of his constitutional rights. Sheriff Shook of Beaver County was the only witness that testified he advised the defendant of his constitutional rights on the day of his arrest some four months from the time of the offense. He testified that he advised the defendant the following:

"I told him that he didn't have to answer any questions, that he was entitled to a lawyer, attorney, and that any time he wanted to stop answering questions he was privileged to do so." (CM. 85)

There was no testimony elicited that the defendant acknowledged that he understood his rights. The rights enumerated to the defendant clearly are not in accordance with those set forth by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The judgment and sentence is accordingly reversed and remanded.

NIX and BRETT, JJ., concur.